DAVID C. PARISI (SBN 162248)
*dcparisi@parisihavens.com*
SUZANNE HAVENS BECKMAN (SBN 188814)
*shavens@parisihavens.com*
PARISI & HAVENS LLP
15233 Valleyheart Drive
Sherman Oaks, California 91403
Telephone:  (818) 990-1299
Facsimile:   (818) 501-7852

Attorneys for Plaintiff John Kennedy, on behalf
Of himself and all others similarly situated

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOHN KENNEDY, on behalf of himself and all others similarly situated,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>SONY COMPUTER ENTERTAINMENT AMERICA INC., a corporation<br>　　　　　Defendant. | Case No. CV-09-04701-MHP<br><br>**STIPULATION AND [PROPOSED] CASE MANAGEMENT ORDER NUMBER 1** |
| JOHN EVERS and EVERETT HORN, on behalf of themselves and on behalf of all similarly situated,<br><br>　　　　　Plaintiffs,<br>　　vs.<br>SONY COMPUTER ENTERTAINMENT AMERICA INC.,<br><br>　　　　　Defendant. | Case No.  CV-09-5126-MHP |

IT IS HEREBY STIPULATED as follows:

WHEREAS, the related actions *Kennedy, et al. v. Sony Computer Entertainment America Inc*, CV-09-4701-MHP; and *Evers et al. v. Sony Computer Entertainment America Inc.,* CV-09-5126-MHP (collectively, "Actions") are pending before this Court; and,

WHEREAS, counsel for the plaintiffs have each concluded that it is in the best interests of the respective parties and absent putative class members that the above captioned actions be consolidated for all purposes and proceed as contemplated herein; and,

WHEREAS, all served parties, through their respective counsel have stipulated to the terms provided herein; and,

WHEREAS, the interests of fair and efficient administration of the Actions and the avoidance of unnecessary duplicative efforts, warrants the consolidation of the Actions, and the establishment of an organizational structure for plaintiffs' counsel:

**IT IS HEREBY AGREED TO AS FOLLOWS:**

**I.      CONSOLIDATION AND TREATMENT OF SUBSEQUENT ACTIONS**

1.    By Order dated November 30, 2009, the Court found that *Kennedy, et al. v. Sony Computer Entertainment America Inc*, CV-09-4701-MHP; and *Evers et al. v. Sony Computer Entertainment America Inc.,* CV-09-5126 are related actions and such cases are hereby consolidated into *Kennedy, et al. v. Sony Computer Entertainment America Inc.*, CV-09-4701-MHP, and are referred to herein as the Consolidated Action.  Each document filed by a party to this litigation shall bear the following caption:

| In Re Sony PS3 Litigation | Case No.  CV-09-4701-MHP |
|---|---|

2.   The terms of this Order shall apply to actions later instituted in, removed to, or transferred to this Court that involve the same or substantially similar issues of law and fact, subject to applicable rules.

3. Counsel shall call to the attention of the Court and the Clerk the filing or transfer of any case which might properly be consolidated with the Consolidated Action. Mailing or other delivery of a copy of this Order by Defendants' counsel or Plaintiffs' Co-Lead Counsel (see II. Below), as appropriate, to the counsel in any newly filed or transferred actions shall constitute valid notice thereof for purposes of establishing its applicability to such action in accordance herewith.

## II.   ORGANIZATION OF PLAINTIFFS' COUNSEL

**Subject to review and modification by the Court at the first Case Management Conference,**

1. There shall be an executive committee of Giskan Solotaroff Anderson & Stewart LLP, KamberLaw LLC, Parisi and Havens LLP, Finkelstein Thompson LLP and the Litigation Law Group. Oren Giskan of Giskan Solotaroff Anderson & Stewart LLP shall serve as chair of the executive committee and as interim lead counsel under Federal Rule of Civil Procedure 23(g)(2) (the "Executive Committee"). The Executive Committee, acting on behalf of plaintiffs, shall have the following duties:

   a. To coordinate all proceedings, including preparing, structuring, and presenting pretrial and other management related orders;

   b. To encourage full cooperation and efficiency among all counsel;

   c. To delegate responsibilities for specific tasks in a manner to assure that pretrial and trial preparation is conducted effectively, efficiently, and economically;

   d. To delegate work responsibilities and monitor the activities of counsel to assure that schedules are met and unnecessary expenditures of time and expense are avoided;

   e. To designate spokesperson(s) at all court conferences;

   f. To call meetings of themselves and/or other counsel as appropriate or necessary from time to time;

   g. To initiate and conduct settlement negotiations with counsel for the Defendant;

   h. To determine Plaintiffs' position on all matters arising during this litigation (after such consultation with other counsel as they deem appropriate) and present such position orally and/or in writing to the Court and opposing parties;

    i. To consult with and employ experts, as necessary;

    j. To initiate, coordinate and conduct discovery;

    k. To represent Plaintiffs at trial and on any appeal of this matter;

    l. To negotiate and execute agreements with local counsel or other cooperating attorneys;

    n. To perform such other duties as are necessary in connection with the prosecution of this litigation; and

    o. Such other duties as may be set forth in the Manual for Complex Litig. (2d).

   3. The chair of the Executive Committee shall be the contact between plaintiffs' counsel and defendant's counsel as well as the spokesperson for plaintiffs' counsel.  All agreements reached with the chair of the Executive Committee shall be binding on all other plaintiffs' counsel in the Consolidated Action.

   4. The Executive Committee is hereby designated as the counsel for plaintiffs in the Consolidated Action upon whom all notices, orders, pleadings, motions, discovery, and memoranda relating to the Consolidated Action shall be served, and defendant shall effect service of papers on plaintiffs in the Consolidated Action by serving each member of the Executive Committee.

   6. The organization structure set forth in this section applies to all plaintiffs' counsel in the Consolidated Action, including any action subsequently governed by this Order.

   7. No communications among plaintiffs' counsel shall be taken as a waiver of any privilege or protection to which they would otherwise be entitled.

**III. MODIFICATION OF THIS ORDER**

This Order may be modified, supplemented, or superseded by order of the Court or upon any party for good cause shown.

Dated: January 21, 2010                 PARISI & HAVENS LLP


                                        By     /s/ David C. Parisi
                                             DAVID C. PARISI


                                        GISKAN SOLOTAROFF ANDERSON &
                                             STEWART LLP


                                        By     /s/ Oren Giskan
                                             OREN GISKAN


                                        KAMBERLAW LLC


                                        By     /s/ Scott Kamber
                                             SCOTT KAMBER

                                           Attorneys for Plaintiff
                                           JOHN KENNEDY

Dated: January 25, 2010

                                        FINKELSTEIN THOMPSON LLP


                                        By     /s/ Rosemary M. Rivas
                                             ROSEMARY M. RIVAS


                                           Attorneys for Plaintiffs
                                           JOHN EVERS and EVERETT HORN


**PURSUANT TO STIPULATION, IT IS SO ORDERED: AS MODIFIED ABOVE.**


             1/26/2010                  _____
                                        Honorable Marilyn H. Patel

                                        IT IS SO ORDERED
                                        Judge Marilyn H. Patel

STIPULATION & [PROPOSED] CASE MANAGEMENT ORDER NUMBER 1
CASE NO. CV-09-5126-MHP